**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ROGER D. TREADWELL**                                                                    **PLAINTIFF**

**V.**                                    **CASE NO. 4:18-CV-00211 BSM-JTK**

**SOCIAL SECURITY ADMINISTRATION**                                        **DEFENDANT**

**RECOMMENDED DISPOSITION**

I.    **Procedures for filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Chief District Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Chief Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II.    **Introduction**:

Plaintiff, Roger D. Treadwell, applied for disability benefits on May 1, 2014, alleging a disability onset date of July 2, 2010.[1] (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 21). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Treadwell has requested judicial review.

---

[1] Treadwell filed an earlier application for benefits, which was denied by the prior ALJ on May 12, 2011. Treadwell amended his alleged onset date to May 13, 2011. (Tr. at 11).

For the reasons stated below, this Court should affirm the decision of the Commissioner.

### III.    <u>The Commissioner's Decision</u>:

The ALJ found that Treadwell had not engaged in substantial gainful activity since the alleged onset date of May 13, 2011. (Tr. at 13). The ALJ found, at Step Two of the sequential five-step analysis, that Treadwell had the following medically determinable impairments: back problems, knee problems, hearing problems, and affective disorder. (Tr. at 14).

At Step Three, the ALJ determined that Treadwell's impairments did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Treadwell had the residual functional capacity ("RFC") to perform light work with restrictions: 1) he could perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete; 2) he must avoid even moderate exposure to extreme heat; 3) he is limited to jobs that do not require complex written communication; and 4) he is limited to jobs that do not require excellent hearing. (Tr. at 16).

The ALJ next determined that Dobbins was unable to perform past relevant work. (Tr. at 19). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Treadwell's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 21). Based on that determination, the ALJ held that Treadwell was not disabled. *Id*.

### IV.    <u>Discussion</u>:

A.    Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.   Treadwell's Arguments on Appeal

Treadwell argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that: 1) the ALJ did not fully develop the record; 2) the ALJ erred at Step Two; 3) the ALJ failed to conduct a proper credibility analysis; and 4) the RFC did not fully incorporate his limitations. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

The medical record is pretty thin. Treadwell visited doctors well before the relevant time-period for knee and back pain. (Tr. at 307-316). After a three-year gap in treatment, he had only 2 doctors' visits in 2014. (Tr. at 321, 365-380). Treadwell had one visit in 2015 for an infected hand. (Tr. at 347-358). Treadwell argues that the ALJ should have obtained more medical evidence, especially because there was an 18-month lag between the hearing and the ALJ's decision. Treadwell did not submit records after the hearing, and in his brief, he tried to shift the burden for proving his case to the ALJ. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a

Plaintiff has the burden of proving his disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011) Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995). Treadwell did not submit any records after the hearing; the onus does not then shift to the ALJ to do that for him.

The record was fully developed, considering there were multiple consultative examinations ("CE") and reports by non-examining physicians. The ALJ even ordered two examinations after the hearing, one for orthopedics and one for hearing loss. The orthopedic doctor, Ted Honghiran, M.D., found that Treadwell could dress himself with no problems, could walk without problem, could get on an off the examination table, and could walk on tiptoes or heels. (Tr. at 331-340). He found no pain or muscle spasms in his back or neck, and complete range of motion in his knee. *Id*. Dr. Honghiran said Treadwell's prognosis was good and he could do work of some kind, although he suggested sedentary work (the RFC was for light work). *Id*. Dr. Honghiran's conclusion was consistent with x-rays of the lumbar and cervical spine showing degenerative changes and a normal x-ray of both knees. (Tr. at 332). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Two CE reports from 2010, before the relevant time-period, assigned more physical limitations, but they were based largely on subjective complaints and not on any longitudinal treatment plan or objective tests showing disabling conditions. (Tr. 296-310). In 2010, x-rays looked grossly normal and Treadwell denied neurological problems. (Tr. at 310).

Treadwell suffered some hearing loss, but at a 2014 appointment, his hearing was much improved when earwax was removed from his ear. (Tr. at 17). He did not pursue further treatment for hearing loss. The hearing loss CE suggested mild to profound hearing loss in both ears, with a recommendation for hearing aids. (Tr. at 342-346). With limited treatment and a recommendation for only conservative care, Treadwell has not shown that his hearing loss is disabling. Moreover, the RFC incorporated Treadwell's hearing loss.

As for mental complaints, Treadwell argues that borderline intellectual functioning and Tourette's syndrome should have been considered severe impairments at Step Two. While a 2010 mental CE showed testing in the borderline intellectual functioning range, the examiner said that Treadwell had successfully held skilled and semi-skilled jobs for years, and that he would have the capacity to cope with cognitive demands of work tasks. (Tr. at 303-305). Treadwell demonstrated good concentration and persistence. *Id*. He was able to perform activities of daily living. *Id*. Two state-agency doctors reviewed the records and found Treadwell only mildly or moderately limited in mental functions, which is consistent with the RFC for unskilled work. (Tr. at 80, 105). There is no indication of any formal psychiatric treatment for any mental problems. The failure to seek regular and continuing treatment contradicts allegations of disability. See *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). Treadwell has not shown that borderline intellectual functioning or Tourette's syndrome should have been ruled severe at Step Two.

Treadwell could perform activities of daily living like shopping, traveling, and using public transportation. (Tr. at 15). He also said he could prepare simple meals and attend to personal hygiene. *Id.* Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The ALJ

properly considered activities of daily living in assessing the consistency of Treadwell's subjective complaints. He also considered lack of treatment, although Treadwell said he could not afford to treat because of lack of insurance. (Tr. at 17). *See Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (absent evidence claimant was denied low-cost or free medical care, claimant's argument he could not afford medical care was appropriately discounted). Treadwell continued to smoke 30 cigarettes a day, which undermines his claim he couldn't afford treatment. *Id.*; Tr. at 321. The ALJ's finding that Treadwell was not entirely credible was supported by the record. (Tr. at 17).

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). The ALJ considered the record as a whole to assign the RFC. The medical evidence does not call for further restrictions.

**V.    Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was fully developed and the ALJ made a proper finding at Step Two. The credibility analysis was sufficient and the RFC incorporated all of Treadwell's limitations. The finding that Treadwell was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 10th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

6